[No. 56382-9. En Banc. January 9, 1992.]

JOHN RAYNES, ET AL, *Appellants*, v. THE CITY OF LEAVENWORTH, ET AL, *Respondents*.

238

*J. Richard Aramburu* and *Jeffrey M. Eustis,* for appellants.

*Terrence M. McCauley, City Attorney,* for respondents.

DURHAM, J. — Appellants challenge the adoption of a zoning ordinance amending the City of Leavenworth (City) zoning code on the basis that the proceedings violated the appearance of fairness doctrine. We hold that the appearance of fairness doctrine does not apply because the proceedings were legislative, and affirm the trial court in all respects.

I

Leavenworth, Washington, is a tourist-oriented city located on Highway 2 on the east slope of the Cascade Mountains. To promote tourism, the Leavenworth Area Comprehensive Plan provides that certain areas of town, designated the Tourist Commercial (TC) District, be reserved for motels, restaurants, service stations, and similar uses to accommodate auto-oriented patrons. The TC district consists of 38 acres of land, out of a total city area of 616 acres.

John and Alice Raynes own a unit in the Rothenburg Condominiums, located in the TC district. Raymond Regan is purchasing a 5.8-acre parcel, adjacent to the Raynes' condominium, from Karl Rieche. Rieche is an agent with Ballinger-West Real Estate, Inc., the listing broker, and is the agent selling his own property. The sale is contingent on Regan obtaining the necessary permits for construction and operation of a recreational vehicle (RV) park.

Eugene Beard, a member of the Leavenworth City Council, is also a real estate agent at Ballinger-West. His income from Ballinger-West is derived entirely from commissions generated from sales of property in which he acted as either

the listing or the selling agent. His contract with Ballinger-West does provide, however, that he "work diligently and with his best efforts to sell, lease or rent any and all Real Estate listed with the Broker . . .". Moreover, it obligates him to act in such a way as to promote business and good will for Ballinger-West. Councilman Beard's participation in the adoption of a zoning amendment is challenged by the Raynes.

In April 1988, Regan submitted an application and environmental checklist to the City to rezone the 5.8-acre piece of land in the TC district as an RV Park Planned Development District. The proposal would have rezoned one specific parcel of land and altered the City's zoning map. The city administrator, Michael Cecka, pursuant to the State Environmental Policy Act of 1971 (SEPA), RCW 43.21C, determined that the proposed RV park would create no significant adverse environmental impact. The Raynes appealed this determination to the City Council, and the Council met to hear the SEPA appeal on July 26, 1988.

Prior to deliberations, City Attorney Terrence McCauley informed the Council that the appearance of fairness doctrine applied to the proceedings. Three City Council members recused themselves. Councilmember Beard disqualified himself because of his association with the realtor involved in the sale of the property on which the RV park was to be located. The remaining councilmembers set August 16, 1988 to hear the appeal.

In August 1988, the Raynes' SEPA appeal was denied. The City Council did not reach the merits of the Regan RV park proposal, however. In response to advice from the city attorney, and at the urging of the Raynes' lawyer, the Council determined that Regan's application for an RV Park Planned Development District rezone was not an appropriate method to add an RV park to the Tourist Commercial District. Both Regan and another RV park applicant, Icicle Inn Creek Corporation, withdrew their applications.

In October 1988, Regan submitted an application asking the City to amend the zoning ordinance to permit RV parks

as a conditional use in the TC district. The City responded by holding the appropriate series of hearings and also conducted a citizen survey of opinions regarding the ordinance. The City then drafted a zoning amendment which would permit RV parks in the TC district as a conditional use. The amendment provided detailed minimum requirements for each RV park, and also provided for direct review of each proposal by the Board of Adjustment through the usual process for obtaining a conditional use permit.

The Council directed the city administrator to prepare an environmental checklist for the proposed amendment. In March 1989, Cecka filed the prepared checklist. The checklist reflected that within the TC district, there were five parcels that were over the 2-acre size required by the ordinance, accounting for a total of 21.3 acres of land which had the potential for development into RV parks if the amendment were passed. Cecka went on to note that of the potential parcels, only two — the Regan site and the Icicle Inn Creek property — were "reasonable sites with potential for generating RV park conditional use permit applications under this ordinance." Cecka concluded that the proposed amendment presented no significant adverse environmental impact. The Raynes appealed the determination of nonsignificance, and asked that the City file an environmental impact statement.

On March 28, 1989 the Leavenworth City Council met to consider the RV park amendment and the related SEPA appeal filed by the Raynes. The Raynes' attorney, J. Richard Aramburu, addressed the Council and requested that Councilmember Beard recuse himself from consideration of the amendment. Although he conceded that the proceedings were legislative, Mr. Aramburu stated that he believed the appearance of fairness doctrine applied to the proceedings because the amendment was closely involved with specific parcels of property. Mr. McCauley responded by advising the councilmembers that because the proceedings contemplated were legislative in nature, the appearance of fairness

doctrine did not apply. Councilman Beard declined to step down.

The City Council then denied the Raynes' SEPA appeal and passed zoning ordinance 840 by a 4-to-2 vote. Councilman Beard voted with the majority in each case.

The Raynes filed a complaint in Chelan County Superior Court. The complaint requested a statutory and a constitutional writ of review,[1] and a declaratory judgment that the ordinance was void because the appearance of fairness doctrine was violated, and because there was an actual conflict of interest.

The trial court denied the application for writ of review. The court found that the actions of the City Council were legislative and not judicial within the meaning of RCW 7.16.040, the writ of review statute, and that the actions were also legislative within the meaning of RCW 42.36.010 and RCW 42.36.030, the appearance of fairness statute. The court found further that the appearance of fairness doctrine did not apply to the actions of the Council on March 28, 1989, and finally that the Raynes had an adequate remedy at law through their declaratory judgment action.

In the declaratory judgment action, no discovery was undertaken, and the parties brought cross motions for summary judgment on the basis of affidavits previously submitted to the court. The trial court ruled that the appearance of fairness doctrine did not apply to the actions of the City Council because those actions were legislative, and that Councilman Beard did not have a conflict of interest when he voted on the amendment. The court dismissed the Raynes' declaratory judgment action.

This case is now before the court on the Raynes' direct appeal. We affirm.

---

[1] Appellants make no argument regarding the constitutional, or common law, writ of review. Furthermore, the grant of a common law writ of review is entirely discretionary and cannot be mandated by anyone, including an appellate court. *Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 252, 724 P.2d 1110 (1986). Since the trial court expressed compelling reasons for not granting the writ, no constitutional writ is required.

## II

Because of the circumstances of this case, we are confronted by a peculiar coincidence. Both the propriety of issuing a writ of review and the applicability of the appearance of fairness doctrine turn on our determination that the proceedings to amend the Leavenworth zoning code were either legislative or quasi judicial in nature. This determination of the nature of the proceedings before us is fundamental to our ability to make the appropriate decision. If the actions before us are legislative in nature, great deference should be afforded them. It is not our role to substitute our judgment for that of duly elected officials. Moreover, the separation of powers doctrine is implicated in this determination. *Standow v. Spokane*, 88 Wn.2d 624, 630, 564 P.2d 1145, *appeal dismissed*, 434 U.S. 992 (1977). In addition, the appropriate remedy when legislative action is considered unjust is political. However, if those actions were indeed quasi judicial, then we may examine them as we do actions of any trial court charged with error.

No clear line can be drawn between judicial, legislative and administrative functions of local decision-making bodies. Judicial actions have no single essential attribute. Instead, a number of factors are important to the determination. If a given proceeding of a decision-making body has a sufficient number of relevant characteristics, it may be considered quasi judicial in nature. *Taggart v. State*, 118 Wn.2d 195, 822 P.2d 243 (1992). Thus, no test should be rigidly applied. Rather, a flexible approach should be employed which gives ample consideration to the functions being performed by the decision-making body.

Here, this inquiry is twofold. First, we must determine if the proceedings were similar enough to judicial proceedings to merit judicial review through the writ of review process. Second, we must determine if the proceedings were similar enough to judicial proceedings to warrant the special protections called for by the appearance of fairness doctrine. We answer both inquiries in the negative.

The Raynes argue that the trial court incorrectly denied their petition for statutory writ of review.[2] RCW 7.16.040 provides:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Thus, in order to issue a writ of review, the court must find (1) that an inferior tribunal (2) exercising judicial functions (3) exceeded its jurisdiction or acted illegally, and (4) there is no adequate remedy at law. *Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 250, 724 P.2d 1110 (1986). The writ of review has been held the proper method by which to "test the reasonableness and validity of a zoning ordinance." *Byers v. Board of Clallam Cy. Comm'rs*, 84 Wn.2d 796, 797, 529 P.2d 823 (1974).

■ A 4-part test has been developed to determine when a given action is quasi judicial or legislative in relation to the writ. Examination of the following factors is useful in deciding if the actions taken are functionally similar enough to court proceedings to warrant judicial review:

> (1) whether the court could have been charged with the duty at issue in the first instance; (2) whether the courts have historically performed such duties; (3) whether the action of the municipal corporation involves application of existing law to past or present facts for the purpose of declaring or enforcing liability rather than a response to changing conditions through the enactment of a new general law of prospective

---

[2]The parties fail to identify the appropriate standard to decide whether or not the actions here should be considered quasi judicial. In previous cases we, too, have relied on the distinct analysis utilized in appearance of fairness cases; that is, we have made the determination that the challenged actions were legislative for purposes of the appearance of fairness doctrine, and then merely concluded that a writ of review would be inappropriate. *See, e.g., Harris v. Hornbaker*, 98 Wn.2d 650, 664, 658 P.2d 1219 (1983). Since the proper standards for the writ are subject to this misinterpretation, we take this opportunity to clarify the proper test.

application; and (4) whether the action more clearly resembles the ordinary business of courts, as opposed to those of legislators or administrators.

*Standow*, 88 Wn.2d at 631; *see also Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 218, 643 P.2d 426 (1982).

Here, the court could not have adopted the amendments to the Leavenworth zoning ordinance, and courts generally do not perform such duties. Adopting the amendment did not involve the application of current law to a factual circumstance, but instead required the policy-making role of a legislative body. A series of public hearings was held, and a survey of public opinion was conducted. Policy-making decisions which are based on careful consideration of public opinion are clearly within the purview of legislative bodies and do not resemble the ordinary business of the courts. Moreover, these considerations lead to the same conclusion reached in a separate examination under the appearance of fairness analysis undertaken below that the actions taken by the Council were legislative, not quasi judicial, in nature. The trial court was correct, then, when it determined that since the action was legislative, no writ should issue.

## III

The applicability of the appearance of fairness doctrine to the Leavenworth City Council's actions in adopting the zoning amendment also turns on whether the hearing on March 28, 1989 is characterized as legislative or quasi judicial. In this instance, however, we are guided by statute. Under RCW 42.36.010 and RCW 42.36.030, only quasi-judicial hearings are subject to the appearance of fairness doctrine.

The appearance of fairness doctrine was judicially established in *Smith v. Skagit Cy.*, 75 Wn.2d 715, 453 P.2d 832 (1969), to ensure fair hearings by legislative bodies. The doctrine requires that public hearings which are adjudicatory in nature meet two requirements: the hearing itself must be procedurally fair, *Smith*, at 740, and it must be conducted by impartial decisionmakers. *Buell v. Bremerton*,

80 Wn.2d 518, 523, 495 P.2d 1358 (1972). The doctrine provides:

> It is axiomatic that, whenever the law requires a hearing of any sort as a condition precedent to the power to proceed, it means a fair hearing, a hearing not only fair in substance, but fair in appearance as well.

*Smith*, at 739.

In *Fleming v. Tacoma*, 81 Wn.2d 292, 299, 502 P.2d 327 (1972), the court held that the appearance of fairness doctrine applied to all hearings which either amended existing zoning codes or reclassified particular land under the code. There, the court considered a Tacoma City Council rezone of four parcels of property to allow the construction of a high-rise condominium. *Fleming*, at 293. First, the court determined that the appearance of fairness doctrine applied to local legislative bodies as well as administrative officers. *Fleming*, at 297-98 (overruling *Lillions v. Gibbs*, 47 Wn.2d 629, 632, 289 P.2d 203 (1955)). Then, the court reasoned that whenever a legislative body decides to alter the status quo, it adjudicates between the rights of the proponents and the opponents of the change. *Fleming*, at 299. Thus, it implied that if any hearing was held aimed at altering either a zoning code or the classification for a specific site, the actions were to be considered quasi judicial, regardless of any other circumstances. *Fleming*, at 299. Since the parties whose interests are affected are readily identifiable, and the decision impacts one group of citizens more than the public at large, all zoning hearings should be classified as adjudicatory, and the appearance of fairness doctrine applies. *Fleming*, at 299.

The appearance of fairness doctrine was modified by the Legislature in 1982 when it enacted RCW 42.36, "Appearance of Fairness Doctrine — Limitations." The act places limitations on the doctrine in several respects, one of which is to limit its applicability in regard to local land use decisions. The act provides, in part:

> Application of the appearance of fairness doctrine to local land use decisions shall be limited to the quasi-judicial actions

of local decision-making bodies as defined in this section. Quasi-judicial actions of local decision-making bodies are those actions of the legislative body, planning commission, hearing examiner, zoning adjuster, board of adjustment, or boards which determine the legal rights, duties, or privileges of specific parties in a hearing or other contested case proceeding. Quasi-judicial actions do not include the legislative actions adopting, amending, or revising comprehensive, community, or neighborhood plans or other land use planning documents or the adoption of area-wide zoning ordinances or the adoption of a zoning amendment that is of area-wide significance.

RCW 42.36.010. The act also provides:

No legislative action taken by a local legislative body, its members, or local executive officials shall be invalidated by an application of the appearance of fairness doctrine.

RCW 42.36.030.

█ The appearance of fairness statute limits the rule announced in *Fleming*. The unambiguous language of the statute indicates that not all amendments to zoning ordinances should be classified as quasi judicial. The statute defines quasi judicial to include actions of local legislative bodies "which determine the legal rights, duties, or privileges of specific parties in a hearing or other contested case proceeding." RCW 42.36.010. But it goes on to specifically exclude three categories of actions: those adopting or revising comprehensive plans, those adopting areawide zoning ordinances, and those adopting zoning amendments of areawide significance. RCW 42.36.010. To the extent that *Fleming* held otherwise, it is overruled.

The Raynes argue that under the statute, the SEPA appeal and the vote on ordinance 840 were quasi judicial because the rights of specific parties were at issue, and the amendment did not have areawide significance. The Raynes rely on the environmental checklist prepared by the City which indicated that the two parcels adjacent to their condominium were the only areas suitable for RV parks. They claim that a zoning amendment which affects such a limited area and involves readily identifiable individuals should not be considered areawide.

■ ■ Essentially, this argument amounts to the claim that when the Council considered the amendment, it was involved in a rezoning process. The proper application of the statute, however, should not be obscured by the particular facts of this case. There is a distinction between rezoning a specific site and amendments which modify the text of a zoning ordinance. *See* R. Settle, *Washington Land Use and Environmental Law and Practice* § 2.11 (1983). Actions of a city council are rezones when there are "specific parties requesting a classification change for a specific tract." *Cathcart-Maltby-Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 212, 634 P.2d 853 (1981) (citing *Fleming*). Here, the text amendment is of areawide significance because it affects the entire TC district, not just a specific tract. In addition, the amendment conforms with the Leavenworth Comprehensive Plan and was enacted to benefit the entire city. Thus, the proceedings concerning the amendment did not involve rezoning.

■ Furthermore, that the ordinance affects specific individuals is not a sufficient reason to classify the proceedings as quasi judicial. Prior to enactment of RCW 42.36.010, this court recognized that some zoning-related activities should be classified as legislative despite the rule in *Fleming*. For example, in *Westside Hilltop Survival Comm. v. King Cy.*, 96 Wn.2d 171, 176, 634 P.2d 862 (1981), the court held that revision of a community plan to allow for construction of an office building on a site which had previously been designated open space was legislative in nature, and so the appearance of fairness doctrine did not apply. The court there reasoned that modification of a community plan was legislative, in contrast to a rezone, because it is "in the nature of a blueprint and policy statement for the future." *Westside*, at 179. Even though there were identifiable interests, those interests were not impacted by the community plan in and of itself. *Westside*, at 178.

Later, in *Harris v. Hornbaker*, 98 Wn.2d 650, 658-59, 658 P.2d 1219 (1983), the court held that determining where to place a highway interchange was a distinctly legislative

decision, and so the appearance of fairness doctrine did not apply. There, the court noted that two readily identifiable competing interest groups were involved in the hearing process. *Harris*, at 659. Nevertheless, the court found that the board's task was legislative: "The Board's responsibility was not to decide which of the two groups . . . made the best argument; its task was to decide which interchange location was in the best interest of the county." *Harris*, at 659. Although legislative decisions may appear adjudicatory when groups focus on how the particular decisions will affect their individual rights, all policy decisions begin with the consideration and balancing of individual rights. *Harris*, at 659.

The same analysis is appropriate here. Although Regan and the Raynes have been involved in the decision-making process, the Leavenworth City Council made a policy decision about a problem facing the whole city — how to deal with an influx of tourists in recreational vehicles and how to foster tourism for the benefit of the entire community. The fact that the solution chosen has a high impact on a few people does not alter the fundamental nature of the decision. To categorize this policy decision as quasi judicial would render RCW 42.36.010 ineffective, and would defeat the apparent intent of the Legislature to exclude text amendments from the definitional scope of quasi-judicial actions.[3]

■ The actions of the Leavenworth City Council in adopting the RV amendment to the zoning ordinance, and dismissing the related SEPA appeal, can only be seen as legislative. According to RCW 42.36.010 and RCW 42.36-

---

[3]We note that some support for the Raynes' position could be found in *Zehring v. Bellevue*, 99 Wn.2d 488, 663 P.2d 823 (1983) (*Zehring I*), *vacated on reconsideration*, 103 Wn.2d 588, 694 P.2d 638 (1985) (*Zehring II*). In *Zehring I*, the court relied on *Fleming* to hold that the appearance of fairness doctrine applied to both the legislative and quasi-judicial functions of administrative bodies if a hearing was required. *Zehring I*, at 495-96. However, the court did not include an analysis of RCW 42.36.010. In any event, the manifest intent of the Legislature in enacting the statute was to limit the appearance of fairness doctrine to quasi-judicial actions. Thus, *Zehring* cannot be used to support the Raynes' position in contravention of the statute.

.030, the appearance of fairness doctrine does not apply. Instead, the correct standard of review is whether the actions of the Council were arbitrary or capricious. *Westside*, 96 Wn.2d at 176; *see also Teter v. Clark Cy.*, 104 Wn.2d 227, 234, 704 P.2d 1171 (1985). If the court can reasonably conceive of any facts which justify a legislative determination, then that determination will be sustained. *Teter*, at 234-35. Here, the Raynes have not alleged that the actions of the Council were arbitrary or capricious, nor do they appear to be. The Council acted in accordance with the Comprehensive Plan and after due consideration of public opinion. Those actions should not be disturbed.[4]

## IV

We affirm the trial court's denial of the petition for writ of review. We also hold that the actions of the Leavenworth City Council on March 28, 1989 were legislative and that, therefore, the appearance of fairness doctrine did not apply. Finally, we affirm the trial court's dismissal of the Raynes' declaratory judgment action.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.

---

[4]Appellants also assert that Councilman Beard had a conflict of interest, and so the ordinance is void. It is unclear whether a cause of action for conflict of interest exists apart from the appearance of fairness doctrine, or if instead the doctrine supplanted any common law conflict of interest claim. RCW 42.36.110 states that the appearance of fairness statute should not be read to limit challenges to local land use decisions "where actual violations of an individual's right to a fair hearing can be demonstrated." *See also Polygon Corp. v. Seattle*, 90 Wn.2d 59, 68, 578 P.2d 1309 (1978). Regardless, if there is a separate cause of action for conflict of interest, these facts would not support a claim. We thus affirm the trial court's finding that there was no conflict of interest.