187 P.3d 272 (2008)
Mary Ann COFFEY and Jack McGillis, wife and husband, Gregory Fink and Sue Fink, husband and wife, Theodore Duncan and Lois Duncan, husband and wife, Val Jensen and Mary Ellen Jensen, husband and wife, Richard Knipe and claire knipe, husband and wife, Gerald Stalder and Peggy Stalder, husband and wife, David Dayton and Carol Dayton, husband and wife, and John Thorsnes and Narici Thorsnes, husband and wife, Appellants, Arnold J. Ewoniuk and Karen A. Ewoniuk, husband and wife, William Henry and Virginia Henry, husband and wife, Kathy Small, an individual, Marianna Grabhorn, an individual, Michael Parenteau and Donna Parenteau, husband and wife, Nancy Ramstedt, an individual, Tracy Schwarz and Stacy Schwarz, husband and wife, Peter Brooks, an individual, Allen Sievertsen and Pam Sievertsen, husband and wife, Appellants,
Arnold J. Ewoniuk and Karen A. Ewoniuk, husband and wife, William Henry and Virginia Henry, husband and wife, Kathy Small, an individual, Marianna Grabhorn, an individual, Michael Parenteau and Donna Parenteau, husband and wife, Nancy Ramstedt, an individual, Tracy Schwarz and Stacy Schwarz, husband and wife, Peter Brooks, an individual, Allen Sievertsen and Pam Sievertsen, husband and wife, William Leath, Jr. and Marsha Leath, husband and wife, Mildred West, an individual, D. Michael Jones and Linda Jones, husband and wife, Petitioners,
v.
CITY OF WALLA WALLA, 9th Street Properties, LLC, by and through Henderson V. Orchard, JDT Ranches, and Tom Donovan, Respondents.
No. 26277-4-III.
Court of Appeals of Washington, Division 3.
June 26, 2008.
James K. Hayner, Attorney at Law, Brandon L. Johnson, Minnick Hayner, P.S., Walla Walla, WA, for Appellant.
Timothy J. Donaldson, Walla Walla City Attorney, Janelle Carman, Carman Law Office, Walla Walla, WA, Glenn Jay Amster, Lane Powell PC, Seattle, WA, for Respondent.
*273 KORSMO, J.
¶ 1 Appellants asked the Walla Walla Superior Court, through a land use petition act (LUPA), chapter 36.70C RCW, filing, to overturn a Walla Walla City Council decision to amend the city's comprehensive plan governing the property at issue here. We conclude that the superior court lacked subject matter jurisdiction over the amendment to the comprehensive plan. The proper method to challenge the decision was to raise a complaint to the Growth Management Hearings Board (GMHB). We thus affirm the decision of the trial court to dismiss the petition.
¶ 2 The land in question is a nearly 50 acre location that is undeveloped; it is surrounded on three sides by single family residences, most of which are acre-sized parcels, and a highway on the other side. The property owner and a developer originally sought to have Walla Walla County amend its comprehensive plan and the zoning ordinance governing the property to permit both commercial and high density residential uses. The County Board of Commissioners denied the request.
¶ 3 The City of Walla Walla promptly annexed the area and the applicants renewed their request to have the comprehensive plan amended and, by subsequent filing, to have the area rezoned from residential to commercial. The City Planning Commission conducted a hearing solely on the original proposal to amend the comprehensive plan. Contrary to staff recommendation, the Planning Commission recommended that the application be denied. The City Council, however, voted in favor of the plan amendment. The ordinance adopting that decision expressly indicated that it was not changing the land's zoning status.
¶ 4 Appellants, neighbors opposed to the development, then filed a land use petition with the Walla Walla County Superior Court, contending that the plan amendment violated countywide planning practices and was not supported by the evidence. The City of Walla Walla, joined by the owner and developer, moved to dismiss the petition on several theories including lack of subject matter jurisdiction. The court found that the ordinance was legislative in nature and that the petitioners had not established that the City Council acted in an arbitrary or capricious manner in adopting the ordinance. The petition was therefore dismissed. The neighbors appealed to this court.

ANALYSIS
¶ 5 The Growth Management Act (GMA), chapter 36.70A RCW, was adopted by the Washington Legislature in 1990. The GMA required, inter alia, that certain counties and cities jointly plan for future development. To that end it directed that local areas adopt comprehensive plans and accompanying development regulations to implement the plans.[1] Growth was to be steered into existing areas and sprawl discouraged. Cities and counties were to coordinate their planning with each other and identify areas where growth was to be channeled. See RCW 36.70A.040 et seq. The legislation also created a Growth Management Hearings Board to consider challenges to legislative decisions of local jurisdictions, including allegations of failure to live up to the obligations imposed by the GMA. See RCW 36.70A.250, .280. Challenges to zoning ordinances and other actions affecting specific pieces of property were to be filed in superior court under a land use petition. See ch. 36.70C RCW. This two-headed approach largely replaced the former process of seeking judicial review by statutory writ. See, e.g., Buell v. City of Bremerton, 80 Wash.2d 518, 495 P.2d 1358 (1972) (using writ of certiorari to review rezone decision).
¶ 6 In 1990, Walla Walla County opted to plan under the GMA. The county and the City of Walla Walla adopted county-wide planning policies in 1993, and the city adopted a comprehensive plan in 1997. As *274 part of its GMA implementation, the city adopted "Level V" review criteria under its municipal code to guide decision-making. The review criteria, set out in Walla Walla Municipal Code (WWMC) 20.48.040, mandate consideration of various factors such as available infrastructure, compliance with the comprehensive plan, and the suitability of the land for the proposed rezoning.
¶ 7 The appellants filed a LUPA action with the superior court, which found that the legislative judgment of the city council was appropriate. Appellants then appealed to this court, contending that the comprehensive plan amendment was flawed by the failure of the city council to consider the Level V criteria when it adopted the ordinance amending the plan as to this property. In their view, the GMHB would not have authority to consider compliance with local planning requirements not imposed by the GMA. The city vigorously argues that the Level V criteria apply only to rezone decisions and are not applicable to comprehensive plan amendments. We do not decide whether the city ordinance makes Level V review applicable to comprehensive plan amendments.[2] Whether or not the city code requires compliance with Level V review in this context, LUPA is not the appropriate method of challenging a comprehensive plan amendment.
¶ 8 The GMA sets up a basic dichotomy: review of political decisions regarding the broad nature of local area planning is by the GMHB, which is responsible for ensuring the decisions are consistent with state law; review of land use actions relating to specific property is by the superior court, which must confirm that statutory and constitutional processes have been followed. The former category involves decisions that are essentially legislative in character; the procedural focus of the latter category is largely judicial in character. The division of authority between the GMHB and the courts reflects the different character of decisions being reviewed.
¶ 9 RCW 36.70C.030(1) expressly states that the land use petition "replaces the writ of certiorari for appeal of land use decisions and shall be the exclusive means of judicial review of land use decisions." A "land use decision," in turn, means a local jurisdiction's "final determination" on "an application for a project permit or other governmental approval . . . excluding applications for legislative approvals such as area-wide rezones and annexations." RCW 36.70C.020(1)(a) (partial).[3] While the definition does not expressly list comprehensive plan amendments as a "legislative approval," that list is illustrative rather than exclusive. The case law, however, has long recognized that comprehensive plan amendments are legislative in nature. E.g., Westside Hilltop Survival Comm. v. King County, 96 Wash.2d 171, 178-179, 634 P.2d 862 (1981). See generally, Raynes v. City of Leavenworth, 118 Wash.2d 237, 821 P.2d 1204 (1992) (discussing characteristics of legislative versus quasi-judicial decisions); King County v. Central Puget Sound Growth Mgmt. Hearings Bd., 138 Wash.2d 161, 979 P.2d 374 (1999) (recognizing that challenges to polices designed to implement comprehensive plans must be brought to GMHB).
¶ 10 Consistently, RCW 36.70A.280(1)(a) expressly gives jurisdiction to the GMHB over petitions alleging that a local jurisdiction "is not in compliance with the requirements of this chapter." Chapter 36.70A RCW is the chapter that imposes comprehensive plan requirements on local jurisdictions. Similarly, RCW 36.70A.290(2) expressly sets forth the time period in which a challenge to a comprehensive plan amendment *275 must be brought before the GMHB.[4] The GMA, then, clearly contemplates that challenges to comprehensive plan amendments must be brought before the GMHB.
¶ 11 Appellants' attempt to use the LUPA process to challenge the amendment was not statutorily authorized. The superior court lacked subject matter jurisdiction to consider the claim since the GMHB had exclusive authority to do so. While the trial court reached the correct result in dismissing the petition, it should have done so for the reason that it lacked authority to hear the claim.
¶ 12 It is not uncommon for those hoping to develop property to seek both a comprehensive plan amendment and a rezone of property in the same proceeding. Anyone seeking to challenge both aspects of a ruling granting both requests would by statute have to appeal to two entities: the GMHB for the comprehensive plan amendment and superior court for the rezone. While the two-front appeal process could be burdensome, we can imagine that trial courts would be inclined to stay proceedings pending the Board's determination of the comprehensive plan challenge.
¶ 13 Here, appellants were notified by the city ordinance that any appeal would have to be made to the GMHB and filed within 60 days. Similarly, when the City answered the petition and asserted that there was no subject matter jurisdiction, there was still time to file before the Board. Appellants did not do so. Without deciding the issue, it may have been possible for appellants to have pursued a writ to force the City Council to have followed the Level V criteria. Statutory and constitutional writs still have some role in the overall land use process. E.g., Vashon Island Comm. for Self-Gov't v. Wash. St. Boundary Review Bd., 127 Wash.2d 759, 762, 903 P.2d 953 (1995) (denying writ of mandamus to compel Board to accept petition for incorporation); Dep't of Corr. v. City of Kennewick, 86 Wash.App. 521, 937 P.2d 1119 (1997) (using writ of certiorari to overturn city council decision on conditional use permit), review denied, 134 Wash.2d 1002, 953 P.2d 95 (1998).
¶ 14 The superior court lacked subject matter jurisdiction to consider a comprehensive plan amendment under a land use petition. The decision to dismiss the petition is affirmed.
WE CONCUR: KULIK, A.C.J., and BROWN, J.
NOTES
[1] While comprehensive plans were also required under the earlier Planning Enabling Act, chapter 36.70 RCW, those plans were admittedly only in the nature of a "guide" or "blueprint" and had little force or effect. The zoning codes were the primary source of regulating property use. See, e.g., Barrie v. Kitsap County, 93 Wash.2d 843, 849, 613 P.2d 1148 (1980); Shelton v. City of Bellevue, 73 Wash.2d 28, 35, 39, 435 P.2d 949 (1968); Lutz v. City of Longview, 83 Wash.2d 566, 574, 520 P.2d 1374 (1974).
[2] The Level V criteria appear directed to zoning amendments. However, the city can easily amend its ordinance to clarify the point and prevent or permit similar challenges in the future.
[3] The term "project permit" is a term of art in chapter 36.70B RCW dealing with the processes local jurisdictions must follow in dealing with land use applications. RCW 36.70B.020(4) defines the term as meaning any land use permit required for project action, "but excluding the adoption or amendment of a comprehensive plan." The definitions found in RCW 36.70B.020 are expressly limited to that chapter. Because comprehensive plan amendments would not be part of a land use decision under chapter 36.70B RCW, they also could not be subject to judicial review under a LUPA action, chapter 36.70C RCW, reviewing a land use decision.
[4] The ordinance at issue in this case likewise notified readers that any challenge to the ordinance had to be filed with the GMHB within 60 days.