[No. 28350-0-III.   Division Three.   January 13, 2011.]

SPOKANE COUNTY ET AL., *Respondents*, v. THE EASTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, *Defendant*, DAN HENDERSON ET AL., *Appellants*.

276

*Richard K. Eichstaedt* (of *Center for Justice*), for appellants.

*Steven J. Tucker, Prosecuting Attorney*, and *David W. Hubert, Deputy*, and *Frederick J. Dullanty Jr., Nathan G. Smith*, and *Matthew W. Daley* (of *Witherspoon, Kelley, Davenport & Toole*), for respondents.

¶1 SWEENEY, J. — Subject matter jurisdiction over petitions to amend a comprehensive plan is vested exclusively in growth management hearings boards. The decision is legislative in nature and therefore not subject to judicial review. Changes to zoning regulations, on the other hand, are not exclusively legislative and are therefore subject to judicial review. The landowner here petitioned for judicial review of a decision by a growth management hearings board. The hearings board concluded that a county's change in its comprehensive plan was inconsistent with the Growth Management Act (GMA), chapter 36.70A RCW. The superior court agreed with the landowner and the county that the requested change was "site specific" and reversed the decision of the hearings board. This was error and we therefore reverse the decision of the superior court.

## FACTS

¶2 McGlades LLC owns a 4.2 acre tract of property located at the intersection of Day-Mt. Spokane Road and Yale Road in Spokane County, Washington. McGlades applied for a conditional use permit to expand its on-site market and deli operation. Spokane County (County) denied McGlades' application. McGlades then submitted concurrent requests to the County: (1) to amend the comprehensive plan designation from urban reserve to limited development area (commercial) and (2) to amend the County zoning map designation from an urban reserve zone to a limited development area (commercial) zone. The proposed amendments were part of 14 amendments proposed to the County's comprehensive plan and zoning maps. The County processed all of the amendments together as part of its 2007 annual amendment cycle to the comprehensive plan. McGlades' amendment was identified as 07-CPA-05.

¶3 The County issued a State Environmental Policy Act (SEPA) (ch. 43.21C RCW) environmental checklist and a "Determination of Non-significance" for the 14 proposed amendments and related zoning map changes. Neighboring

landowners, Dan Henderson, Larry Kunz, and Neil Membrey, appealed the threshold determination on McGlades' proposed amendment. The county hearing examiner denied the appeal. He concluded that the neighboring landowners had not established that the amendment standing alone, or along with the other amendments, would have any significant probable adverse impacts on the environment.

¶4 The Spokane County Board of Commissioners ultimately adopted Resolution 07-1096, which approved eight of the proposed amendments to the comprehensive plan along with the concurrent rezones, including 07-CPA-05. Dan Henderson, Larry Kunz, Neil Membrey, Kasi Harvey-Jarvis, along with the Neighborhood Alliance of Spokane (Neighbors), appealed Resolution 07-1096 to the Eastern Washington Growth Management Hearings Board (Hearings Board). Their appeal focused specifically on 07-CPA-05 and alleged that the County violated the GMA, SEPA, and the county comprehensive plan by approving the amendments. The Neighbors named only the County as a party to their appeal. McGlades moved to intervene in the appeal and the Hearings Board granted its motion.

¶5 McGlades then filed two motions to dismiss. In the first, it argued that the Hearings Board lacked jurisdiction to hear the appeal because the land use action at issue was a "site-specific rezone" and therefore subject to review by the superior court. In the second, it argued that the Neighbors failed to name McGlades as a party. The Hearings Board denied both motions.

¶6 The Hearings Board, then, concluded that the rezone did not meet the definition of a site-specific rezone because it was adopted at the same time as the comprehensive plan amendment and pursuant to the same county resolution. The Hearings Board also concluded that the GMA did not require that McGlades be notified of the appeal; only the entity that took the challenged action had to be notified, here, the County. McGlades moved for reconsideration and the Hearings Board denied the motion as untimely. The

Hearings Board ruled that the County failed to comply with the GMA, SEPA, and its own development regulations and planning documents. And it ruled that the attempt to amend the comprehensive plan was therefore invalid.

¶7 McGlades and the County appealed the Hearings Board's decision to the Spokane County Superior Court. They again argued that the Hearings Board lacked jurisdiction over the appeal of the comprehensive plan amendment because it was "site-specific." Clerk's Papers (CP) at 301-08. The superior court agreed:

> The Growth Management Board (the Board) did not have jurisdiction to hear Neighborhood Alliance of Spokane's Petition for Review. The Board's decision affected a specific right, held by a specific entity, regarding a specific piece of property, and is therefore quasi-judicial. Jurisdiction to hear appeals of quasi-judicial decisions rests with the Court, not the Board.

CP at 415. The Neighbors appeal the court's ruling.

## DISCUSSION

HEARINGS BOARD JURISDICTION

¶8 The Neighbors contend that the change here, site specific or not, amounted to an amendment of the County's comprehensive plan and therefore review was properly with the Hearings Board, rather than the superior court. McGlades responds that this was a site-specific rezone over which the Hearings Board had no jurisdiction. McGlades points to the fact that local governments have combined zoning maps and comprehensive plan maps into a single classification of "specific comprehensive plan maps." McGlades contends that the County permits only one zoning classification per comprehensive plan designation. And as a result, landowners must change both the comprehensive plan map designation and the zoning map in order to assure consistency between the two.

¶9 We review the question of subject matter jurisdiction de novo. *Somers v. Snohomish County*, 105 Wn. App.

937, 941, 21 P.3d 1165 (2001). And we give substantial weight to a growth management hearings board's interpretation of the GMA, but we are not bound by that interpretation. *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 46, 959 P.2d 1091 (1998).

¶10 The GMA requires that most counties adopt comprehensive plans and appropriate development regulations. RCW 36.70A.040. A "comprehensive plan" is the "generalized coordinated land use policy statement of the governing body of a county." RCW 36.70A.030(4). The plan "consist[s] of a map or maps, and descriptive text covering objectives, principles, and standards used to develop the comprehensive plan." RCW 36.70A.070. The comprehensive plan must "be an internally consistent document and all elements shall be consistent with the future land use map." *Id.* "Development regulations" are "controls placed on development or land use activities by a county or city," including zoning ordinances. RCW 36.70A.030(7). A development regulation does not include a decision to approve a project permit application. *Id.* A project permit application includes site-specific rezones allowed by an existing comprehensive plan. RCW 36.70B.020(4).

¶11 Comprehensive plans and development regulations are subject to ongoing review and evaluation. RCW 36.70A.130(1)(a). The GMA requires counties to "establish and broadly disseminate to the public a public participation program" to consider amendments to the comprehensive plan on an annual basis. RCW 36.70A.130(2)(a). "[A]ll proposals shall be considered by the governing body concurrently so the cumulative effect of the various proposals can be ascertained." RCW 36.70A.130(2)(b).

¶12 Growth management hearings boards have exclusive authority to rule on challenges alleging that a governmental agency is not in compliance with the requirements of the GMA. RCW 36.70A.280, .290; *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 549, 958 P.2d 962 (1998). The hearings boards have juris-

diction to review petitions challenging whether a county's comprehensive plan, development regulations, and permanent amendments to the plan comply with the GMA. *Skagit Surveyors*, 135 Wn.2d at 549; *Somers*, 105 Wn. App. at 942; RCW 36.70A.290(2). A hearings board does "not have jurisdiction to decide challenges to site-specific land use decisions because site-specific land use decisions do not qualify as comprehensive plans or development regulations." *Woods v. Kittitas County*, 162 Wn.2d 597, 610, 174 P.3d 25 (2007); RCW 36.70A.030(7); RCW 36.70B.020(4).

¶13  Site-specific rezones authorized by an existing comprehensive plan are treated differently from amendments to comprehensive plans or development regulations. RCW 36.70B.020(4). The Land Use Petition Act (LUPA) (ch. 36.70C.RCW) governs site-specific land use decisions and the superior court has exclusive jurisdiction over petitions that challenge site-specific land use decisions. RCW 36.70C.030; *Somers*, 105 Wn. App. at 941-42. However, "[t]he superior court may decide only whether a site-specific land use decision complies with a comprehensive plan and/or development regulation," not whether the rezone complies with the GMA. *Woods*, 162 Wn.2d at 603. LUPA does not apply to local land use decisions "that are subject to review by a quasi-judicial body created by state law, such as . . . the growth management hearings board." RCW 36.70C.030(1)(a)(ii); *Caswell v. Pierce County*, 99 Wn. App. 194, 198, 992 P.2d 534 (2000).

¶14  Here, the Neighbor's petition challenged amendment 07-CPA-05, as approved by Spokane County Resolution 07-1096. The resolution is titled "IN THE MATTER OF ADOPTING ANNUAL AMENDMENTS TO THE SPOKANE COUNTY COMPREHENSIVE PLAN FOR 2007." CP at 101. The resolution adopted eight amendments and concurrent reclassifications to the comprehensive plan, including 07-CPA-05. McGlades petitioned for a specific comprehensive plan amendment.

¶15  The Neighbors petitioned the Hearings Board to reverse the County's changes to the comprehensive plan

and argued, among other things, that the changes did not comply with the GMA:

> 3.2. Did Spokane County fail to implement and comply with the Growth Management Act, [ch.] 36.70A RCW, when it approved 07-CPA-05 by creating a 4.2 acre Limited Area of More Intense Rural Development (LAMIRD) that: (a) extended commercial development beyond the boundary of the existing area and use; (b) allowed a new use of the existing rural area; (c) created irregular LAMIRD boundaries; and (d) conflicted with the rural character and the character of existing natural neighborhoods and communities of the area?
>
> . . . .
>
> 3.4 Did Spokane County fail to implement and comply with the goals of the Growth Management Act, [ch.] 36.70A RCW, by allowing development within designated rural areas?

CP at 54-55. And Spokane County Resolution 07-1096 (including amendment 07-CPA-05) amended the County's comprehensive plan and the Neighbor's petition challenged the amendment's compliance with the GMA.

¶16 The GMA does not make a distinction between site-specific and general comprehensive plan map amendments. Nor does the GMA recognize a single reclassification approach of "site specific Comprehensive Plan Maps," urged by McGlades. Br. of Resp't McGlades at 13. The Hearings Board had jurisdiction to review the petition.

¶17 The superior court characterized the reclassification as "quasi-judicial." CP at 415-17. The GMA divides jurisdiction for land use decisions. *Coffey v. City of Walla Walla*, 145 Wn. App. 435, 440, 187 P.3d 272 (2008). Broad land use decisions regarding local area planning are reviewed by the growth management hearings boards for consistency with the GMA; they are essentially legislative. *Id.* Decisions that relate to specific property are reviewed by the superior court for consistency with an existing comprehensive plan and development regulations; these are essentially judicial. *Id.* "The division of authority between the [growth management hearings boards] and the

courts reflects the different character of decisions being reviewed." *Id.*

¶18 A "land use decision" means a local jurisdiction's "final determination" on "[a]n application for a project permit or other governmental approval . . . excluding applications for legislative approvals such as area-wide rezones and annexations." Former RCW 36.70C.020(1)(a) (1995); *Coffey*, 145 Wn. App. at 440. The definition does not expressly list comprehensive plan amendments, but the list is illustrative, not exclusive. *Coffey*, 145 Wn. App. at 440-41.

¶19 And, RCW 36.70A.280(1)(a) expressly gives hearings boards jurisdiction over petitions alleging that a county's comprehensive plan, development regulations, or amendments to the comprehensive plan do not comply with the GMA. RCW 36.70A.290(2) also expressly sets forth the time period in which a challenge to a comprehensive plan amendment must be brought before the hearings boards. In sum, the GMA requires that challenges to comprehensive plan amendments be brought before the hearings boards.

¶20 Again, McGlades argues that the request was site specific and therefore the distinction between changes to a comprehensive plan or changes to zoning regulations is not helpful. We disagree. Site specific or not, the question is whether this is a change in the comprehensive plan. And clearly it is. The challenged action was in fact legislative; it involved an amendment to a comprehensive plan. *See Coffey*, 145 Wn. App. at 441; RCW 36.70A.280.

¶21 The Hearings Board had subject matter jurisdiction to consider the comprehensive plan amendment. The superior court erred by reversing the order of the Hearings Board for lack of jurisdiction.

NOTICE REQUIRED TO MCGLADES

¶22 McGlades argues that the Hearings Board's rules violate procedural due process in instances where the Hearings Board reviews a comprehensive plan amendment affecting only a single parcel, as was the case here, because

the rules do not provide for notice to the individual land-owner.

¶23 The Fourteenth Amendment's due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. McGlades asserts that it was deprived of a property interest the constitution should have protected. We apply the balancing test set out in *Mathews v. Eldridge*[1] to ensure constitutionally mandated due process of law. "The three factors of the *Mathews* test are (1) the potential affected interest; (2) the risk of an erroneous deprivation of that interest through the challenged proce-dures, and probable value of additional procedural safe-guards; and (3) the government's interest, including the potential burden of additional procedures." *City of Bellevue v. Shin H. Lee*, 166 Wn.2d 581, 585, 210 P.3d 1011 (2009) (citing *Mathews*, 424 U.S. at 335).

¶24 McGlades did not have a protectable liberty interest or property interest requiring individual notice of the Hearings Board's review of the amendment to the comprehensive plan. But more importantly, the Hearings Board allowed McGlades to intervene despite the fact that notice was not required.

¶25 The Hearings Board ruled that the County's comprehensive plan amendment violated the GMA but it did not, nor could it, zone or rezone McGlades' property. McGlades was not entitled to notice, RCW 36.70A.280(1), but it got notice anyway and was allowed to intervene. *Manke Lumber Co. v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 113 Wn. App. 615, 631, 53 P.3d 1011 (2002) (no due process violation if the landowner participates in the process). Here, McGlades participated at every stage of the review process. Again, changes to a comprehensive plan are matters of legislative discretion and so the Hearings Board would no more have to give individual notice to those who might be affected by this legislative activity than the

---

[1] *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

state legislature would have to give notice to each citizen who might be affected by legislation under consideration.

¶26 We reverse the decision of the superior court ruling that the Eastern Washington Growth Management Hearings Board did not have jurisdiction over the comprehensive plan amendment.

BROWN and SIDDOWAY, JJ., concur.

Review denied at 171 Wn.2d 1034 (2011).