[No. 48358–2. En Banc. January 11, 1985.]

PEGGY ZEHRING, ET AL, *Respondents,* v. THE CITY OF BELLEVUE, ET AL, *Petitioners.*

*Linda Youngs, City Attorney, Richard Gidley, Assistant,* and *Jones, Grey & Bayley, P.S.,* by *John L. West* and *E. Michele Moquin,* for petitioners.

*Gordon A. Woodley* and *Robert A. Prince,* for respondents.

UTTER, J.—It appears that this case is now moot. Shortly before our previous decision was issued, the Bellevue Planning Commission, sitting without Dean Tibbott, held a new set of design review hearings at which the applicant's modified project was approved. The relief ordered by the Court of Appeals and affirmed in our previous opinion, *Zehring v. Bellevue,* 99 Wn.2d 488, 663 P.2d 823 (1983), has already occurred. We can grant no further relief.

Generally, where only moot questions are involved, the appeal should be dismissed. *Harvest House Restaurant,*

*Inc. v. Lynden,* 102 Wn.2d 369, 373, 685 P.2d 600 (1984); *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). An exception to this rule exists where we determine the moot issue to be of substantial or continuing public interest. The governing criteria for that determination are whether: (1) the issue presented is of a public or private nature, (2) it is desirable to provide guidance to public officers, and (3) the issue is likely to recur.

We find an issue meeting these criteria presented in the City of Bellevue's motion for reconsideration. In our previous opinion, we determined that the building design review hearings "were nothing more than a continuation or postponement of the ultimate rezoning decision." *Zehring,* at 497. Following from that conclusion, we held that the building design review hearings in this case were the type of quasi–judicial proceeding to which the appearance of fairness doctrine applies. *Zehring,* at 497.

Upon reflection, our previous characterization of the design review appears to be erroneous. The rezone, not design review, determined the legal rights of the parties. The rezone decision was neither "withheld until later approval" nor "postponed". On December 13, 1976, the Bellevue City Council passed a rezone ordinance reclassifying property located between N.E. 24th Street and Highway 520, east of 130th Avenue N.E. The rezone took effect 5 days after passage and publication. Plaintiff's exhibit 17: City of Bellevue ordinance 2371. The property was rezoned subject to conditions contained in a zoning agreement between the City and the property owners. That zoning agreement specified that the City may revoke the rezone for the owners' failure to comply with the agreement's terms and conditions. The terms and conditions provide in part:

C. Uses permitted on the property shall be limited to those non–residential uses allowed in the B–2L classification.

D. Development of the property shall be subject to design review by the Planning Commission.

E. Two–story buildings may be permitted by design

review, provided the Planning Commission finds that such buildings will not visually intrude upon the residential areas to the west of the property and to the north of N.E. 24th Street.

Plaintiff's exhibit 19: Concomitant Zoning Agreement.

■ Design review to determine only whether the proposed buildings will visually intrude upon specified residential areas is not a rezone action. The planning commission's determination authorized no activity on the property not previously authorized by the City Council. In a city operating under RCW Title 35A, as Bellevue does, authority to zone and rezone is vested solely in the city council. *Lutz v. Longview,* 83 Wn.2d 566, 570, 520 P.2d 1374 (1974) (construing RCW 35A.63.100 which sets forth zoning powers of the city). A city operating under Title 35A may, however, delegate to the planning commission the administrative functions relating to the specifics of a site already rezoned. *Lutz v. Longview, supra* at 570. That is precisely what the Bellevue City Council did.

The appearance of fairness doctrine has never been applied to administrative action except where a public hearing was required by statute. *Polygon Corp. v. Seattle,* 90 Wn.2d 59, 67–68, 578 P.2d 1309 (1978) (appearance of fairness doctrine not applicable to building permit application process). Although zoning reclassifications require a public hearing, *see* former sections 18.64.010 and 18.64.050 of the Bellevue City Code, design review does not.

We reverse the Court of Appeals and vacate our previous order.

WILLIAMS, C.J., and BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., concur.

DORE, J. (dissenting)—While I agree with the majority that this case appears to be moot, I cannot agree with the majority's determination that the planning commission design review hearings were not quasi–judicial proceedings to which the appearance of fairness doctrine applies.

The rezone ordinance enacted by the Bellevue City Council and the corresponding concomitant zoning agreement executed by the City and the property owners did not determine the legal rights, duties or privileges that are at issue in this action. The terms and conditions of the rezone and concomitant zoning agreement provided

E. Two–story buildings may be permitted by design review, provided the Planning Commission finds that such buildings will not visually intrude upon the residential areas to the west of the property and to the north of N.E. 24th Street.

Plaintiff's exhibit 19: Concomitant Zoning Agreement.

Although the design review hearing was not technically a rezone action, it did constitute a determination and implementation of rezone conditions which established the legal right of Chem–Nuclear to construct a 2–story office building.

It is beyond dispute that in considering rezone applications planning commissions are acting in a quasi–judicial capacity. *Hayden v. Port Townsend,* 28 Wn. App. 192, 195, 622 P.2d 1291 (1981). The fact that a planning commission may make recommendations only, leaving a final decision on a zoning matter to the city council, does not negate the quasi–judicial nature of the proceedings. *Buell v. Bremerton,* 80 Wn.2d 518, 525, 495 P.2d 1358 (1972). *See also Save a Valuable Env't v. Bothell,* 89 Wn.2d 862, 576 P.2d 401 (1978).

In the instant action, the City Council delegated to the planning commission the authority to make a fact–finding determination of visual intrusion *and* the discretion to permit a 2–story building if no visual intrusion was found. It is the exercise of this fact–finding and discretionary function that is at issue.

That this proceeding occurred subsequent to the City Council's rezone action is irrelevant where the design review proceeding, not the City Council action, is that which determined the legal rights of the parties.

The appearance of fairness doctrine requires that mem-

bers of a planning commission "with the role of conducting fair and impartial *fact–finding hearings* must, as far as practical, be open–minded, objective, impartial, free from entangling influences, capable of hearing the weak voices as well as the strong and must also give the appearance of impartiality." (Italics mine.) *Narrowsview Preserv. Ass'n v. Tacoma,* 84 Wn.2d 416, 420, 526 P.2d 897 (1974).

Not only do our prior decisions support application of the doctrine to the design review hearings, the Legislature has also given its approval to the scope and application of the doctrine. RCW 42.36.010 provides that application of the appearance of fairness doctrine to local land use decisions shall be limited to the quasi–judicial actions of local decisionmaking bodies. Quasi–judicial actions of local decisionmaking bodies include planning commission actions which determine the legal rights, duties or privileges of specific parties in a hearing or other contested case proceedings.

The quasi–judicial nature of the instant action is evident. The action of the planning commission in the design review proceeding was, in actuality, a rezone of the property by imposition of terms and conditions of the previously enacted conditional rezoning ordinance. The action was nonministerial and nonlegislative with localized applicability affecting readily identifiable parties, and determined the rights, duties, or privileges of a specific party.

The quasi–judicial nature and existing financial interest in this case are indistinguishable from those in a long line of cases where we held the appearance of fairness doctrine was violated. *See Save a Valuable Env't v. Bothell,* 89 Wn.2d 862, 576 P.2d 401 (1978), dual membership in planning commission and chamber of commerce whose membership could financially benefit from action; *Swift v. Island Cy.,* 87 Wn.2d 348, 552 P.2d 175 (1976), county commissioner stockholder and director of a savings and loan which could financially benefit from action; *Narrowsview Preserv. Ass'n v. Tacoma,* 84 Wn.2d 416, 526 P.2d 897 (1974), planning commissioner employee of bank which

held mortgage secured by the property subject to rezone; *Buell v. Bremerton*, 80 Wn.2d 518, 495 P.2d 1358 (1972), planning commissioner owned nearby property which could appreciate in value resulting from the rezone.

Our original opinion in *Zehring v. Bellevue*, 99 Wn.2d 488, 663 P.2d 823 (1983) properly found the design review proceeding to be a quasi–judicial action and correctly applied the appearance of fairness doctrine to the instant case and found a violation. I would again so hold.