[No. 14631-9-I.   Division One.   September 2, 1986.]

BRIDLE TRAILS COMMUNITY CLUB, ET AL, *Appellants,* v.
THE CITY OF BELLEVUE, ET AL, *Respondents.*

*Geoffrey G. Revelle, Stephen Dwyer,* and *Nelson, Revelle, McCarthy, Ries, McDermott & Hawkins,* for appellants.

*Linda M. Youngs, City Attorney,* and *Richard Andrews* and *Richard Gidley, Assistants; Jill Bowman, E. Michele*

*Moquin,* and *Jones, Grey & Bayley, P.S.,* for respondents.

GROSSE, J.—Appellants appeal the dismissal in superior court of their action to obtain review of alleged arbitrary, capricious, and clearly erroneous actions by the City of Bellevue.

The facts surrounding this dispute and the history of this case can be obtained by reading the opinion of the Supreme Court in *Zehring v. Bellevue,* 103 Wn.2d 588, 694 P.2d 638 (1985). Briefly stated, respondent Chem–Nuclear wants to build its corporate headquarters on property previously rezoned from residential to limited office use. The prior rezone was subject to certain conditions, including a design review of any building over one story. Chem–Nuclear's plans call for a building of two stories. The initial design review process resulted in the challenge reflected in *Zehring.* While the first challenge to the process was winding its way through the courts, the Bellevue Planning Commission held new design review proceedings. It is these subsequent proceedings which are the subject of this appeal.

Appellants filed their application for writ of certiorari January 14, 1983. The writ was to require the City of Bellevue to certify to the court a full transcript and record of the proceedings, and that

> thereupon the court review the same as to a claim by said Plaintiffs that the City of Bellevue acted arbitrarily and capriciously, clearly erroneously, and in excess of its authority in entering the Findings of Fact, Conclusions and Decisions, dated December 15, 1982, . . .

The writ specifically asked:

> 1. That a Writ of Certiorari issue directing the City of Bellevue to certify all documents and a full transcript of the records and proceedings to this court, so that the reasonableness and lawfulness of the city's actions therein may be inquired into and determined;
> 2. That after review, the City of Bellevue be directed to deny approval for the proposal by Defendant Chem–Nuclear, Inc., that is the subject matter of these proceedings;

3. That the court determine that any future applications for development of the property that is the subject matter of the proceedings be reviewed on the basis of the zoning regulations and classifications in effect at the time the application is subsequently made; . . .

The affidavit in support of the application listed 11 alleged errors by the City and its planning commission in the proceedings. It then stated that this was a proper case for a writ since it was a decision by an inferior tribunal exercising judicial functions, that the inferior tribunal had exceeded its jurisdiction or acted illegally, and that there was no plain or speedy and adequate remedy at law. These are the statutory requirements of RCW 7.16.040 for issuance of a writ of certiorari. The affidavit also stated, "In addition, counsel for Defendant City of Bellevue has advised Plaintiffs that a Writ of Certiorari is the appropriate manner in which to seek review of the actions complained of by Plaintiffs."

On February 2, 1983 a stipulation was entered into by the appellants and respondents stating that "the below Order should be entered." The order stated that the City was to forward and certify the requested records "with the intent that the same be reviewed by this court as to the claims made by Plaintiffs in the Application . . ." The order was signed by Commissioner Richey.

On March 16, 1984 Chem–Nuclear moved for dismissal on the grounds that the writ was not brought before the court in a timely manner and that therefore the court was without jurisdiction to consider the challenge to the planning commission's decision. After argument the trial court entered the order of dismissal on that basis.

The trial court was correct in dismissing appellants' action under RCW 7.16. Those statutory provisions are applicable only to quasi–judicial proceedings. And then only where no appeal is provided.[1] In the instant matter,

---

[1]RCW 7.16.040 provides:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has

*Zehring* disposes of one of the statutory requisites in its holding that the design review process contemplated by the City and conducted by the Bellevue Planning Commission is an administrative one rather than quasi judicial. Secondly, the City's land use code clearly provides for an appeal.[2]

Two things are apparent. First, appellants may not obtain review pursuant to the provisions of RCW 7.16. Second, their appeal from the design review process was not timely filed and thus their action would have been properly dismissed on that basis. Nevertheless, appellants are not without a remedy given the allegations set forth in their petition and we hold that the trial court erred in dismissing the cause without expressly considering that potential remedy.

In *Pierce Cy. Sheriff v. Civil Serv. Comm'n,* 98 Wn.2d 690, 693–94, 658 P.2d 648 (1983), the Supreme Court reiterated the principle that the superior court has inherent power to review administrative decisions for illegal or manifestly arbitrary and capricious acts. This inherent power arises out of article 4, section 6 of the Washington State Constitution.[3] This review by "constitutional" or "common law" certiorari[4] is not full appellate review on the

---

exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

[2]Bellevue City Code 20.40.180 states:

"Unless stated otherwise by this Code, any appeal from any decision by the Commission must be brought before the Superior Court of King County within ten (10) days of the Commission's decision."

[3]Article 4, section 6 of our constitution pertaining to the superior courts reads in relevant part: "Said courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties."

[4]Review under the court's inherent powers may not be impinged by the Legislature, *see North Bend Stage Line, Inc. v. Department of Pub. Works,* 170 Wash.

merits. It is limited to a review of the record below to determine whether the decision or act complained of was or involved arbitrary and capricious or illegal actions thus violating the appellant's fundamental right to be free of such action. *Pierce Cy. Sheriff*, at 693–94; *Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 221–22, 643 P.2d 426 (1982).

The common law writ of certiorari embodied in the constitution is distinguished from the statutory writ of review in RCW 7.16.040. The statute requires the superior court to grant the writ only when all four factors are present, and accords the petitioner full review of the issue raised. If any of the factors are absent, there is no jurisdiction for review. The common law writ embodied in the constitution contains no such imperatives. The grant of the common law writ is always discretionary with the superior court as part of its inherent powers; it cannot be mandated by anyone, including a higher court such as this. Nor can the superior court ever lack the jurisdiction to entertain application for a writ alleging acts in excess of jurisdiction by an inferior body, whether exercising judicial functions or administrative ones. This jurisdiction is inherent in the court, as recognized in the constitution. The superior court may in its discretion refuse to exercise its inherent powers of review so long as tenable reasons are given to support that discretionary ruling. *See generally* 1 *Bouvier's Law Dictionary* 443, 446–47 (1914). *See North Bend Stage Line, Inc. v. Department of Pub. Works*, 170 Wash. 217, 228, 16 P.2d 206 (1932). *Bouvier's* discussion of certiorari and its ancient roots stresses the longtime difficulty of stating a general rule that certiorari does not lie where an appeal is provided for, referencing an old annotation collecting a multitude of cases demonstrating exceptions to the rule. It is clear from the history of certiorari both in England and in this country that its most fundamental purpose is to enable a court

---

217, 228, 16 P.2d 206 (1932), *State ex rel. Cosmopolis Consol. Sch. Dist. 99 v. Bruno*, 59 Wn.2d 366, 369, 367 P.2d 995 (1962), and thus may not be impinged by a local legislative or administrative body.

of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority. Although most commonly applied to tribunals exercising judicial functions, our courts have recognized this review extends to administrative actions which may be deemed arbitrary and capricious or illegal, the essence of exceeding one's authority or jurisdiction. *See Williams v. Seattle Sch. Dist. 1, supra.*

*Deschenes v. King Cy.,* 83 Wn.2d 714, 521 P.2d 1181 (1974) would appear at first glance to be contrary authority. However, it was written prior to *Williams* and *Pierce Cy. Sheriff* which clearly articulate the fundamental right to be free from lawless action by administrative agencies, *i.e.,* freedom from arbitrary, capricious, or illegal acts. Perhaps more importantly, the petitioners/appellants in *Deschenes* were seeking full appellate review pursuant to the relevant section of the King County Code which required seeking of such review by "writ of certiorari", RCW 7.16.040. *Deschenes,* at 715. Here, appellants alleged the sort of arbitrary and capricious or extra–jurisdictional action that is the focus of the more narrow review granted under "constitutional" or common law certiorari. We read *Deschenes* as not addressing the question of application of the court's inherent power of review. Statements in the opinion regarding jurisdictional time limits apply only to RCW 7.16 writs of "certiorari" not to those writs requested under the court's inherent or constitutional powers.

In sum, there are three possible avenues to obtain judicial review of an administrative agency decision in a land use case such as this: (1) direct appeal as provided by ordinance or statute; (2) writ of review pursuant to RCW 7.16-.040 ("statutory" certiorari); and (3) discretionary review under the court's inherent and constitutional powers (constitutional or common law certiorari). Discretionary review under the court's inherent powers will rarely be granted where one of the other two avenues is available but has not been utilized by the appellant and no good cause for the lack of such utilization is shown. Nevertheless, the superior

court at all times possesses sufficient jurisdiction to evaluate the case before it as to whether or not to grant the limited review. Dismissal of this cause for lack of jurisdiction was thus technically an error.

Appellants' petition for certiorari did not specifically request review under the court's inherent powers. However, the pleadings were sufficient to raise the issue of the court's inherent power to review, at least to the extent that that basis for review should have been explicitly ruled on by the trial court. No such formal ruling was made. We cannot determine from this record whether the trial court considered exercising its inherent power of review. Because the superior court always has jurisdiction for such limited review, we are constrained to remand the case. This result does not imply that the trial court must or should grant such review, since we have noted this form of review is rarely granted where a petitioner has failed to take advantage of another avenue of review without an adequate excuse. This is, however, a discretionary ruling to be made by the superior court on the facts before it rather than by this court.

The case is remanded to the Superior Court for it to determine whether, in its discretion, it will grant limited review of the planning commission's decision under its inherent powers.

WEBSTER, J., concurs.

COLEMAN, J. (dissenting)—I respectfully dissent. I do not agree with the majority's assertion that statements in *Deschenes v. King Cy.*, 83 Wn.2d 714, 521 P.2d 1181 (1974) regarding jurisdictional time limits apply only to RCW 7.16 writs of certiorari and not to writs of certiorari sought pursuant to the court's inherent power to review administrative actions. The *Deschenes* court specifically held:

The constitutional provision giving to the superior courts jurisdiction to issue writs, Const. art 4, § 6, does not prohibit the limitation of the time for seeking such a

writ. The rule is recognized in R. Anderson, *American Law of Zoning* § 21.15 (1968), as follows:

> The Standard State Zoning Enabling Act contains a provision that a petition to review a decision of a board of adjustment "shall be presented to the court within 30 days after the filing of the decision in the office of the board." Specific provisions limiting the time within which an aggrieved litigant must perfect an appeal are included in the enabling acts of about two–thirds of the states.
>
> In general, these provisions are included on the assumption that the public interest will be best served by finalizing the decisions of the board and firming–up the rights to develop land at the earliest moment which is consistent with fair process. . . . The time restrictions range from 10 to 60 days, . . .
>
> . . .
>
> The time limitations imposed by statute upon the commencement of proceedings to review a decision of a board of adjustment are regarded as mandatory. Failure to initiate proceedings within the time limited by statute results in loss of the right of review.

(Footnotes omitted.)

*Deschenes,* at 716–17.

I also disagree with the majority's contention that *Pierce Cy. Sheriff v. Civil Serv. Comm'n,* 98 Wn.2d 690, 658 P.2d 648 (1983) and *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 643 P.2d 426 (1982) cast doubt upon or depart from the holding in *Deschenes. In Pierce Cy. Sheriff,* there was no direct appeal provision, nor was there a right to appeal under RCW 7.16.040. Under these circumstances, review was proper under the court's inherent power of review. In *Williams,* there was an express statutory bar to judicial review. Additionally, the administrative action at issue was not quasi judicial, and review was not available by writ of certiorari pursuant to RCW 7.16.040. Under these circumstances, the court recognized a constitutional right to judicial review pursuant to the court's inherent power. Neither case involved an express statutory right of appeal or a right to seek review by a writ of certiorari pursuant to RCW 7.16. Consequently, the cases do not in any way undermine the

holding in *Deschenes.*

Bellevue City Code 20.40.180 provides for an appeal which must be taken within a specified period of time. Appellants did not comply with these time constraints, and therefore, the Superior Court acted correctly in refusing to entertain the writ.[5]

The court should resort to its inherent powers only when express statutory authority impinges upon its ability to carry out its function. This is not a case where a legislative body has attempted to isolate itself from review and thus interfere with the court's ability to review arbitrary, capricious, or unlawful administrative action. For the reasons stated herein, I would affirm the judgment of the trial court.

[Nos. 15943-7-I; 15944-5-I;   Division One.   September 2, 1986.]
16024-9-I; 16101-6-I; 16264-1-I;
16333-7-I; 15889-9-I; 16069-9-I; 16267-5-I.

---

[5]Because I believe that the Superior Court did not have authority to review the matter pursuant to its inherent powers, it is unnecessary to discuss whether appellants' failure to specifically request review under the court's inherent powers should preclude their argument here. In my view, however, it is particularly unfortunate to recognize a right to review under an inherent power theory when that argument was not advanced to the trial court.