IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| EAST VALLEY SCHOOL DISTRICT NO. 90, | ) ) ) | No. 29757-8-III |
| Petitioner, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| MICHELE TAYLOR, | ) ) ) | |
| Respondent. | ) | |

KORSMO, C.J. — Yakima's East Valley School District No. 90 (EVSD) asks this court to grant a constitutional writ of certiorari to review the decision of an administrative hearing officer or in the alternative to remand the case for the superior court to decide whether it will do so. Because the Court of Appeals does not have the power to issue a constitutional writ of certiorari, we remand to superior court.

FACTS

On June 10, 2009, EVSD placed Michele Taylor, a high school teacher, on paid administrative leave after receiving allegations that she communicated with a minor student for immoral purposes and had sexual intercourse with another minor student.

Based on this information and subsequent investigation, criminal charges were filed against Ms. Taylor. After a two-week trial, a jury acquitted her of all charges.

Despite the acquittal, EVSD served Ms. Taylor with a notice of probable cause to terminate her employment based on the same allegations and other alleged policy violations. EVSD alleged that it had probable cause to terminate Ms. Taylor's employment because of excessive and inappropriate text messaging with the two students, inappropriate counseling/mentoring of one of these students, sexual misconduct with the other student, and one-time provision of medication (Ibuprofen) to this other student, all of which EVSD argued were in violation of established district policies.

Ms. Taylor challenged the allegations and took the matter to an administrative hearing officer. After a week-long hearing and briefing by the parties, the hearing officer issued a 44-page decision finding each of EVSD's allegations to be either a remediable deficiency or unsupported by a preponderance of the evidence. The hearing officer then ordered EVSD to reinstate Ms. Taylor.

EVSD then sought review in the Yakima County Superior Court under a statutory writ of certiorari, RCW 7.16.040. The superior court dismissed the request, ruling that RCW 28A.405.320 does not permit EVSD to seek statutory review of the hearing officer's decision. EVSD timely appealed to this court, but after the briefing was filed, the Supreme Court definitively held that RCW 28A.405.320 does not permit review under RCW 7.16.040. *Fed. Way Sch. Dist. No. 210 v. Vinson*, 172 Wn.2d 756, 768, 261

No. 29757-8-III
E. Valley Sch. Dist. v. Taylor

P.3d 145 (2011). With its appeal mooted, EVSD sought and was granted leave to amend its briefing. It then requested this court to issue a constitutional writ of certiorari.

While reviewing EVSD's new request, this court questioned whether the constitution granted us the power to issue a writ of certiorari. We then directed the parties to file supplemental briefs. Both parties agreed that this court does not have the power to grant the requested relief and asked that the case be remanded to superior court.

ANALYSIS

The sole issue remaining in this case is whether this court has constitutional authority to issue a writ of certiorari. We agree with the parties that we do not have that power.

The state of Washington is a sovereign political body imbued with plenary power. *Bellevue School Dist. v. E.S.*, 171 Wn.2d 695, 713, 257 P.3d 570 (2011); *State v. Foster*, 135 Wn.2d 441, 458-59, 957 P.2d 712 (1998). Our constitution, however, acts to limit that power. *State v. Gunwall*, 106 Wn.2d 54, 62, 720 P.2d 808 (1986) (the Washington Constitution "serves to limit the sovereign power which inheres directly in the people and indirectly in their elected representatives"). In accordance with this structure, our Supreme Court has held time and again that the branches of state government can only act according to the constitution's express and implied powers. *See, e.g., City of Seattle v. McKenna*, 172 Wn.2d 551, 557, 259 P.3d 1087 (2011) ("Importantly, there are no common law or implied powers of the attorney general under our constitution. This court

3

has always insisted on finding an enumerated constitutional or statutory basis for the powers of executive officers, including the attorney general."); *Gerberding v. Munro*, 134 Wn.2d 188, 949 P.2d 1366 (1998) (holding that the legislative power does not extend to setting qualifications for elected office in the absence of an express grant of power by the constitution); *N. Bend Stage Line, Inc. v. Dep't of Pub. Works*, 170 Wash. 217, 226-27, 16 P.2d 206 (1932) (holding that the Supreme Court can only exercise jurisdiction as enumerated in Const. art. IV, § 4). Accordingly, we must look to the text of the constitution to determine our jurisdiction.

Our constitution states: "The jurisdiction of the court of appeals shall be as provided by statute or by rules authorized by statute." CONST. art. IV, § 30, cl. 2. This provision is different than the jurisdictional provisions relating to the Supreme Court and the superior courts. Art. IV, § 4 grants the Supreme Court "power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Art. IV, § 6, grants the superior courts "power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus." Both the Supreme Court and the superior courts have express constitutional power to issue writs of certiorari. In contrast, the people did not provide the Court of Appeals with similar authority and, instead, left the court's jurisdiction to the legislature. These textual differences lead to the conclusion that this court does not have the power to issue a constitutional writ of certiorari.

4

For the Court of Appeals to have any power to issue a writ of certiorari it would thus have to be statutorily based. But, in this case RCW 28A.405.320 does not permit any court to issue a statutory writ of certiorari. *Vinson*, 172 Wn.2d at 768. Thus, the remaining question is whether it is appropriate to remand to the superior court.

In *Vinson*, a school district sought a statutory writ of certiorari from an administrative hearing officer's decision to retain a teacher. *Vinson*, 172 Wn.2d at 766-67. After holding that the district's chosen route for review was unavailable, the Supreme Court noted that the district could have sought review through a constitutional writ of certiorari. *Id.* at 769. The Supreme Court then considered sua sponte whether the case warranted issuance of a constitutional writ of certiorari and held that it did not. *Id.* at 768-70.

In raising the issue of constitutional certiorari, the Supreme Court relied on *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 254, 724 P.2d 1110 (1986). *Id.* at 768. *Bridle Trails* was a zoning case where landowners sought a statutory writ of certiorari for relief from the city of Bellevue's arbitrary and capricious zoning action. *Bridle Trails*, 45 Wn. App. at 249. Similar to this case, the petitioners had no right to statutory certiorari. *Id.* at 250-51. Although the petitioners had not requested constitutional certiorari at the superior court, this court still remanded for the superior court to decide whether the petitioners deserved constitutional certiorari because "the pleadings were sufficient to raise the issue." *Id.* at 254.

5

Unlike *Bridle Trails*, the superior court pleadings here could not be construed as a request for a constitutional writ of certiorari. Typically a court will not consider a claim for relief outside of the pleadings. *E.g.*, *Trask v. Butler*, 123 Wn.2d 835, 846, 872 P.2d 1080 (1994) (refusing to reach the merits on a cause of action that the plaintiff failed to allege in his complaint). However, courts also have broad authority to grant leave to amend the pleadings. *E.g.*, *Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 165, 736 P.2d 249 (1987). Because both parties request a remand in accordance with *Vinson* and *Bridle Trails* and EVSD may have acted initially in reliance on *Bridle Trails*, we remand for the superior court to decide whether it will exercise its power to permit an amendment to the pleadings to consider issuing a constitutional writ of certiorari.[1]

Although we remand in line with *Bridle Trails* and *Vinson*, we question whether *Bridle Trails'* decision to remand for consideration of unrequested relief violates our public policy strongly favoring finality of judgments. In *Nisqually Delta*, the Washington Supreme Court refused to permit the appellants to recast their appeal as a request for a constitutional writ of certiorari in response to the court's determination that the appellants had no right to a statutory appeal. *Nisqually Delta Ass'n v. City of DuPont*, 95 Wn.2d 563, 569-70, 627 P.2d 956 (1981) ("Having made [the] deliberate tactical choice" to

---

[1] "The decision to grant the [writ of certiorari] is entirely within the discretion of the superior court, which may refuse to exercise its inherent powers of review upon tenable reasons." *Harris v. Pierce County*, 84 Wn. App. 222, 230, 928 P.2d 1111 (1996).

No. 29757-8-III
E. Valley Sch. Dist. v. Taylor

appeal under the statute instead of under a constitutional writ of certiorari the petitioners waived that theory on appeal.); *Friends of Snoqualmie Valley v. King County Boundary Review Bd.*, 118 Wn.2d 488, 497, 825 P.2d 300 (1992) ("While the appellants might have sought review by [constitutional writ of certiorari] and had standing, we decline to treat this appeal as a writ for the same reasons we gave in *Nisqually Delta*."). This is consistent with the approach taken in other cases where a party seeks to raise new claims during or after trial, including on appeal. *See Herberg v. Swartz*, 89 Wn.2d 916, 925, 929, 578 P.2d 17 (1978) (refusing to permit a party to raise new errors on appeal and affirming trial court's refusal to allow a new theory right before the conclusion of trial); *Chavez v. Dep't of Labor & Indus.*, 129 Wn. App. 236, 242-43, 118 P.3d 392 (2005) (refusing to allow claimant to reopen his Labor & Industries claim and argue a new theory for relief). *Bridle Trails* does not appear to fit with these decisions and we believe eventually the Supreme Court will have to reconcile these competing cases.

Remanded.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                                         Kulik, J.

7